```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SAGG MAIN INV, LLC,
                                                    ORDER
                    Appellant,                      20-CV-1142(JS)

        -against-

ATALAYA ASSET INCOME FUND II LP,

                    Appellee.
----------------------------------------X
In re

SAGG MAIN INV LLC,                                  Chapter 11
                                                    20-BK-70026(REG)
                    Debtor.
----------------------------------------X
```

APPEARANCES
For Appellant:       James Glucksman, Esq.
                     Robert L. Rattet, Esq.
                     Davidoff Hutcher & Citron LLP
                     605 Third Avenue
                     New York, New York 10158

For Appellee:        Brendan Michael Scott, Esq.
                     Tracy L. Klestadt, Esq.
                     Klestadt Winters Jureller
                     Southard & Stevens, LLP
                     200 West 41st Street, 17th Floor
                     New York, New York 10036

For the Trustee:     Stan Yuon Yang, Esq.
                     Office of U.S. Trustee
                     560 Federal Plaza
                     Central Islip, New York 11722

SEYBERT, District Judge:

Appellant Sagg Main INV, LLC ("Appellant") appeals an order issued by the United States Bankruptcy Court for the Eastern District of New York (Grossman, Bankr. J.) that denied its motion

1

to nullify, vacate and/or declare a foreclosure sale as being void ab initio. See In re Sagg Main INV LLC, No. 20-BK-70026, (Bankr. E.D.N.Y.) (the "Bankruptcy Case"), Bankr. D.E. 48; Appeal, D.E. 1, at ECF p. 3-4. On May 11, 2020, Judge Grossman entered an order dismissing the Bankruptcy Case. (See Bankruptcy Case, No. 20-BK-70026, Bankr. D.E. 69.) When a bankruptcy proceeding is dismissed, or becomes moot,

> a federal court lacks subject matter jurisdiction over the action and any appeal must be dismissed. See In re Kurtzmann, 194 F.3d 54, 58 (2d Cir. 1999). A case becomes moot "when it is 'impossible for the court to grant any effectual relief whatever to a prevailing party.'" Id. (quoting Capital Communications Fed. Credit Union v. Boodrow (In re Boodrow ), 126 F.3d 43, 46 (2d Cir. 1997)) (emphasis in original). When a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot. Cf. Maidman v. Compass Investment Group, 668 F.2d 682, 684 (2d Cir. 1982)(holding that while an appeal of the bankruptcy court's dismissal of a Chapter XII petition was pending, the appeal of a prior interlocutory order was not moot only "so long as that appeal is alive.")

Moss v. 245 E. 25th Realty Corp., No. 01-CV-9318, 2002 WL 31426204, at *1 (S.D.N.Y. Oct. 29, 2002) (further citations omitted).

Here, Appellant appeals an "interlocutory appeal by the bankruptcy court denying" its motion to void a foreclosure sale. Id. As such, "[w]hen appellant's bankrupt status was terminated by dismissal of the bankruptcy, [its] specific claim ceased,"

where, as here, Appellant does not appeal the Bankruptcy Court's dismissal order.[1]  Id.  This appeal is therefore MOOT and must be DISMISSED.

## CONCLUSION

For the foregoing reasons, this Appeal is DISMISSED as MOOT and the hearing scheduled for October 8, 2020 at 10:00 a.m. is CANCELLED.  The motion for an extension of time (D.E. 3) is TERMINATED as MOOT.  Appellant's Counsel shall IMMEDIATELY serve Appellant with a copy of this Dismissal Order by e-mail and file proof of service to the docket as soon as practical.  The Clerk of the Court is respectfully directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October __7__, 2020
         Central Islip, New York

---

[1] This appeal is dismissed as moot for the added reason that in the Bankruptcy Case, the Trustee represented that Appellant commenced the chapter 11 proceeding to stay a foreclosure sale of certain property and on January 3, 2020, the property was sold. See Bankruptcy Case, No. 20-BK-70026, Bankr. D.E. 62, ¶¶ 2-4, 18-19; Wenegieme v. Goldstein Grp. Holding, No. 16-CV-5368, 2017 WL 1422629, at *3 (E.D.N.Y. Apr. 21, 2017) ("Absent a stay pending appeal, '[t]he law is clear that once a foreclosure sale has taken place, the appeal is moot.'" (quoting In re Young, 242 F.3d 369, 2000 WL 1737810, at *1 (2d Cir. 2000))).

3